## Matson *v.* Goyco.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 769.—Resuelto en junio 26, 1912.

Interpretación de Contratos—Intención de las Partes—Circunstancias Relacionadas con el Convenio—Prueba Oral.—Interpretando liberalmente las disposiciones contenidas en los artículos 25 y 28 de la Ley de Evidencia, no comete error el juez que después de celebrada la vista, señala un día

para la presentación de prueba adicional con objeto de ampliar y aclarar la prueba ya presentada relativa a la intención de las partes al hacer el convenio en litigio, pero dicha prueba adicional debe versar únicamente sobre las circunstancias relacionadas con el convenio, y si se ha presentado prueba más allá del límite permitido por la ley la parte de la prueba que se haya excedido de dicho límite no debe ser tomada es consideración por el juez sentenciador, ni debe ser apreciada por este tribunal en apelación.

ID.—SERVIDUMBRE DE PASO—DERECHO DE USO PERSONAL.—La cláusula del contrato cuya interpretación es la cuestión fundamental de este pleito dice así: ''C. Es condición de este contrato que el comprador tiene derecho a usar el callejón expresado en el antecedente segundo, pero ni él ni los posteriores compradores podrán edificar ranchones ni casa de vecindad y sí solo de familia.'' Examinada la prueba presentada en este caso y sobretodo el contenido de la escritura de venta otorgada por la demandada al primer adquiriente del solar en litigio, el tribunal resolvió que la cláusula consignada anteriormente constituye una servidumbre de paso y no un derecho de uso personal del callejón en cuestión a favor de determinada persona únicamente.

ID.—DERECHOS ADQUIRIDOS POR EL COMPRADOR—TRASMISIÓN DE DERECHOS A ULTERIORES COMPRADORES.—Los derechos que se trasmiten por el vendedor al comprador de una finca, puede el comprador trasmitirlos a su vez a otra persona y ésta a otra y así sucesivamente, a menos que se trate de derechos de naturaleza exclusivamente personal o que la limitación quede claramente expresada en la escritura como la voluntad real y positiva de los contratantes.

ID.—INTERPRETACIÓN DE LA PALABRA ''COMPRADOR''—TRASMISIÓN DE DERECHOS A ULTERIORES COMPRADORES.—De acuerdo con la doctrina expuesta en el párrafo anterior el tribunal resolvió que la palabra ''comprador'' empleada en la cláusula ''C'' del contrato objeto de este pleito, comprende también a los ulteriores compradores, porque el derecho constituído en dicha cláusula no es de una naturaleza exclusivamente personal, ni tampoco quedó la limitación claramente expresada en la escritura como la voluntad real y positiva de los contratantes.

ID.—INTERPRETACIÓN EXTENSIVA—CONSTITUCIÓN DE SERVIDUMBRES.—La doctrina establecida en la sentencia del Tribunal Supremo de España de noviembre 4, 1897, en el sentido de que ''en los contratos en que se constituye servidumbre o se establece algún gravamen que afecte a la libertad de las fincas, ha de estar bien expresada la voluntad de las partes sobre estos extremos, sin que sea lícito interpretarla extensivamente'' es aceptada por este tribunal, pero aplicada a este caso no produce el efecto de tener que resolver que en la cláusula en litigio no se constituyó una servidumbre de paso y sí únicamente un derecho de uso de carácter personal.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Muñoz y Brown.*

Abogados del apelado: *Sres. Francis H. Dexter y Cay. Coll Cuchí.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La cuestión fundamental envuelta en este pleito consiste

en la interpretación de cierta cláusula de un contrato de compraventa. Si dicha cláusula se interpreta en el sentido de que la demandada constituyó por ella una servidumbre de paso a favor del solar que en la actualidad pertenece al demandante, la reclamación del demandante es justa y procedente. Y si se interpreta en el sentido de que la demandada sólo reconoció por ella un derecho de uso a favor únicamente de la persona a quien vendió la finca, entonces la demanda debe ser declarada sin lugar.

La demandada, Doña Clemencia Goico, dueña de un terreno radicado en el sitio denominado "Condado," sección norte del barrio de Santurce, de esta ciudad de San Juan, lo dividió en cinco solares, haciendo levantar al efecto el plano que figura en la transcripción. En 6 de enero de 1909, vendió por escritura pública a Pablo Sierra Alvarez, el solar No. 4, bajo la siguiente descripción, según aparece del antecedente segundo de dicha escritura:

"Solar número 4 del plano que de sus terrenos hizo levantar Doña Clemencia Goico, por los ingenieros civiles Rodríguez y Solomon compuesto de quinientos setenta y dos metros cincuenta y cuatro centímetros cuadrados, con veinte y dos metros sesenta centímetros, frente al camino de Loíza, a la izquierda entrando por dicho frente, treinta y un metros cincuenta y cinco centímetros, y colindando por ese lado con los solares números uno, dos y tres de la vendedora; por sus fondos veinte metros diez y ocho centímetros, colindando con el solar número cinco, que la vendedora adquirió de Don Hernand y Don Sosthenes Behn, según escritura de dos de septiembre de mil novecientos ocho, ante el notario Don Julio César González, y por la derecha entrando, con veinte y dos metros noventa y cinco centímetros, que colindan con el solar de Don Bernardo Hidalgo.

"De dichos quinientos setenta y dos metros, cincuenta y cuatro centímetros, Doña Clemencia Goico, se reserva ciento un metros cincuenta y cuatro centímetros de un callejón, que como camino tiene tres metros de ancho frente al camino de Loíza y parte hasta el fondo con el solar número cinco y en colindancia por esa parte con los solares números uno, dos y tres, de la finca principal, propiedad de la vendedora, quedando por lo tanto cuatrocientos setenta y un metros cuadrados, que son los que se enajenan."

De la expresada escritura se hizo constar además lo siguiente:

"(c) Es condición de este contrato que el comprador tiene derecho a usar el callejón expresado en el antecedente segundo, pero ni él ni los posteriores compradores podrán edificar ranchones ni casas de vecindad, y sí sólo de familia."

La repetida escritura fué inscrita en el registro de la propiedad "con el defecto subsanable de no describirse en el documento la parcela enajenada deducidos los tres metros del callejón que se reservó la demandada." En el registro se hizo constar la descripción general del solar número 4 y la circunstancia de haber quedado reducida su superficie por la segregación de los ciento un metros cincuenta y cuatro centímetros del callejón, y además, "que el contrato se celebró con condición de que el comprador tiene derecho a usar del callejón expresado, pero ni él ni los posteriores compradores podrán edificar ranchones ni casas de vecindad y sí sólo de familia."

Dueño Sierra del solar, fabricó en él una casa y vendió la casa y el solar a José Benito Sobrino. La escritura de venta no aparece en la transcripción, pero sí consta de la certificación expedida por el registrador de la propiedad, que fué inscrita debidamente en el registro.

Sobrino, en 15 de mayo de 1909, vendió la finca a Antonio Laloma, por escritura pública que también se inscribió debidamente en el registro, y Laloma, finalmente, en 5 de julio de 1910, la vendió al demandante Matson, también por escritura pública que fué inscrita debidamente en el registro de la propiedad.

En las escrituras de Sobrino a Laloma y de Laloma a Matson, no se hace constar expresamente la cláusula que transcribimos al referirnos a la escritura de Doña Clemencia Goico a Sierra, designada por la letra (c) pero en la primera de ellas o sea en la de Sobrino a Laloma, al describirse la finca se consigna: "De la cabida de este solar se encuentra reservada por Doña Clemencia Goico una porción de ciento y un metros cin-

cuenta y cuatro centímetros cuadrados, en la cual no podrá
hacerse construcción, y en esta porción un callejón o camino
de tres metros de ancho" etc., y luego, entre las estipulacio-
nes, la siguiente: "Salvo la reserva respecto a construcción
en el callejón o camino que se ha expresado en la descripción
de la finca, ésta se vende como libre de cargas" etc. Y en la
segunda o sea en la de Laloma a Matson, se consigna también
el hecho de la reserva de los cien metros y de la existencia del
callejón o camino y, al describirse la finca, se expresa: "por la
izquierda, por un callejón o camino, reservado por Doña Cle-
mencia Goico."

Desde que Sierra fabricó la casa, la alquiló al demandante
Matson, y desde entonces Matson vino usando del callejón
para el servicio de su casa, hasta que la demandada colocó una
cerca, casi en la mitad del mismo, que impidió al demandante
entrar por una puerta que existía en su cerca al fondo de su
solar y que abría al callejón.

Sobre los hechos a que nos hemos referido no existe con-
troversia. La controversia existe sobre el significado y al-
cance de la cláusula designada con la letra (c) en la escritura
de la demandada a Sierra y hecha constar en el registro de la
propiedad.

Después de celebrada la vista, el juez sentenciador mani-
festó a los abogados su deseo de que la prueba fuera amplia-
da y aclarada en cuanto a la intención de las partes al hacer el
contrato referente al uso del callejón y que con ese fin había
señalado un día para la práctica de dicha prueba adicional.
La parte demandante se opuso y luego se opuso también al
declarar los testigos de la parte demandada, fundándose en
que la prueba oral sobre la intención de las partes en un con-
trato escrito y sobre el significado de tal contrato, era inadmi-
sible e impertinente. La corte desestimó las objeciones del de-
mandante y éste consignó su excepción en cada caso.

Una interpretación liberal de las disposiciones contenidas
en los artículos 25 y 28 de la Ley de Evidencia (Leyes de 1905,

págs. 108 y 109), sostiene el procedimiento adoptado por la
corte de distrito.

Ahora bien, dicha prueba debió versar únicamente sobre
las circunstancias sobre las cuales fué hecho el convenio o con
las cuales se relacionare, ya que, al interpretar el documento,
no pudo el juez de distrito, ni podemos nosotros "insertar lo
que se hubiere omitido, ni omitir lo que se hubiere insertado,"
de acuerdo con lo dispuesto en el artículo 26 de la propia Ley
de Evidencia. Si alguna parte de la prueba practicada fuera
más allá del límite permitido por la ley, dicha parte no debió
tomarse en consideración por el juez de distrito al dictar la
sentencia en este caso, ni debe apreciarse por nosotros ahora
al resolver el recurso.

En la primera comparecencia declararon por el deman-
dante, el propio demandante Matson, y el testigo Sierra, uno
de los dueños que fué de la finca, y por la demandada el testigo
Castro y el mismo testigo del demandante, Sierra. Matson
testificó sobre la existencia del callejón, sobre el uso del mismo
y sobre la construcción actual, y Sierra sobre la fabricación
de la casa, sobre el arriendo a Matson, sobre la existencia de
"un callejón colindante con el solar," sobre las palizadas que
se levantaron a lado y lado del callejón, y sobre el hecho de
haber intentado comprar todo el solar y haberle manifestado
la demandada "que no quería venderlo porque iba a hacer
allí un callejón." Castro, declaró "que el callejón de tres
metros que hay allí marcado (se refiere al plano) por dos pali-
zadas, está situado a la parte oeste del solar núm. 4, y los so-
lares 1, 2 y 3 colindan con el callejón." Y Sierra confirmó su
declaración de que la demandada le había dicho que no podía
venderle todo el solar, porque quería reservarse un pedazo
para el callejón; "que lo único que podía hacer era dejarle el
paso por el callejón."

Toda esta prueba se practicó sin objeción. En la segunda
comparecencia declararon por la demandada, la propia de-
mandada Clemencia Goico y el testigo Sierra. La primera
manifestó que no incluyeron en la primera parte de la cláu-

sula (*c*) de la escritura las palabras "posteriores compra-
dores," porque el uso del callejón era personal al Sr. Sierra.
Y Sierra que la demandada le dijo que no podía venderle todo
el solar "pero que me podía conceder a mí el paso por allí."
Que no vendió a Sobrino el callejón porque no le pertenecía,
que el callejón no era suyo.

En esta segunda comparecencia también presentó el de-
mandante prueba consistente en su propia declaración y en las
declaraciones de Eugenio Benítez Cástaño y Juan Morera
Martínez. El demandante depuso que había usado constante-
mente el callejón, que su vendedor Laloma le dijo "que él creía
que el testigo tenía derecho a usar el callejón" y que cuando la
demandada le impidió el uso fué a ver a Sierra y éste le dijo
refiriéndose a la Sra. Goico: "es una temeraria." Benítez
Castaño, el notario que autorizó la escritura de la demandada
a Sierra, declaró que no podía decir si era la intención de las
partes establecer una servidumbre de paso por el callejón per-
teneciente al solar vendido o una servidumbre personal."
Que la minuta fué tomada por Morera Martínez, y éste, final-
mente, declaró que preparó en efecto la minuta y que al redac-
tar la escritura "fueron las instrucciones de las partes y la
la intención del notario, el conceder un derecho de uso y no
una servidumbre de paso."

Tal es el resumen de los hechos y de la prueba practicada
en este caso. Prescindiendo de aquella parte de la prueba
que esté fuera de lo permitido por la ley y juzgando el con-
venio por las circunstancias bajo las cuales fué hecho y con
las cuales está relacionado, y sobre todo por lo consignado en
la escritura de venta de la Sra. Goico a Sierra, opinamos que
debe revocarse la sentencia apelada.

Tal vez la señora demandada en realidad de verdad no
pensó que su deseo de convertir en un callejón una parte del
solar que vendiera, la obligara para siempre. Pero es lo cierto
que la existencia del callejón se consignó en la escritura de
venta y tuvo desde el primer momento realidad práctica; que
el callejón se deslindó levantando palizadas a ambos lados;

que se usó por los vecinos; que el solar vendido y la casa fabricada en el mismo han pasado a poder de otras personas y que su descripción consignada en las escrituras y en el registro es ''por la izquierda con un callejón o camino, reservado por Doña Clemencia Goico.''

Matson alquiló la casa fabricada por Sierra y la vivió como inquilino mientras Sierra fué dueño y luego mientras lo fué Sobrino y más tarde mientras lo fué Laloma, y durante todo ese tiempo usó del callejón como de algo a que se tiene perfecto derecho. Y es natural que al resolver comprarla finalmente a Laloma, la existencia del callejón fué tenida en cuenta como una circunstancia favorable. No podría concluirse que el callejón sea absolutamente necesario para la finca de Matson, pero no es posible negar que le es beneficioso y que aumenta su valor al proporcionarle una salida a todo lo largo del lado izquierdo de su solar y al asegurarle por dicho lado una faja de tres metros de ancho en la cual, como destinada a camino, no se levantarán construcciones y no se pondrán obstáculos por tanto al aire ni a la luz.

El juez sentenciador basó su decisión en contra del demandante, especialmente en la doctrina establecida por el Tribunal Supremo de España acerca de que ''en los contratos en que que se constituye servidumbre o se establece algún gravamen que afecte a la libertad de las fincas, ha de estar bien expresada la voluntad de las partes sobre estos extremos, sin que sea lícito interpretarla extensivamente.'' (Sent. de 4 de noviembre de 1897.)

Estamos enteramente conformes con dicha doctrina, pero no lo estamos en que aplicada a este caso, produzca el efecto de resolverlo a favor de la parte demandada.

La cláusula pertinente de la escritura otorgada por la demandada y que hemos transcrito anteriormente, expresa que es condición del contrato que el *comprador* tiene derecho a usar del callejón, pero que ni él ni los posteriores compradores podrán edificar ranchones ni casas de vecindad y sí solo de familia.

Se alega que no puede *extenderse* el significado de la palalabra *comprador* a los ulteriores compradores, debiendo quedar circunscrito solamente al primero, porque cuando la vendedora quiso referirse a los ulteriores compradores, lo hizo expresamente, como se comprueba por la simple lectura de la segunda parte de la condición.

Los derechos que se trasmiten por el vendedor al comprador de una finca, puede el comprador trasmitirlos a su vez a otra persona y ésta a otra y así sucesivamente, a menos que se trate de derechos de naturaleza exclusivamente personal, o que la limitación quede claramente expresada en la escritura como la voluntad real y positiva de los contratantes. Y la segunda parte de la condición no admite la interpretación que le da la parte demandada. Al contrario, confirma claramente el significado de la palabra comprador usado en la primera parte como abarcando a todos los compradores, ya que como una consecuencia de la existencia del callejón y como una posibilidad de que el solar vendido al quedar colindando en todo su fondo con una calle estrecha o callejón pudiera utilizarse para construir casas de vecindad y no deseando la vendedora que esto suceda porque podía perjudicar, como perjudicaría seguramente, a sus otros solares, impuso al comprador la obligación de no fabricar dicha clase de casa sino un hogar para familia. En la primera parte la vendedora concede un derecho y en la segunda impone una obligación en relación con el derecho concedido.

Pudiera decirse que la servidumbre debió haberse establecido con mayor claridad y que en vez de personas debió hablarse de solares, pero es lo cierto que tal como se consignó, atendidas todas las circunstancias del caso y los actos mismos de la demandada, es suficiente para poder concluir, sin dar al contrato una interpretación extensiva, que quedó constituída una verdadera servidumbre a favor del solar enajenado.

Por las razones expuestas debe revocarse la sentencia ape-

lada y dictarse en su lugar otra por esta Corte Suprema, con-
cediendo lo pedido en la demanda.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados MacLeary, Wolf y Aldrey.